IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WOLF TECHNOLOGIES, INC., an Illinois corporation, and TRICIA TAMKIN, <br><br> Plaintiffs, <br><br> vs. <br><br> MORGAN CONSULTING GROUP, INC., A Missouri corporation, <br> Serve: Scott McRuer, Registered Agent <br> 510 Main Street <br> Platte City, Missouri 64079 <br><br> and <br><br> PETER LEFFKOWITZ, <br> Serve: 8016 NW Hampton <br> Parkville, Missouri 64152 <br><br> Defendants, | Civil Action No |

## COMPLAINT – CIVIL ACTION

Plaintiffs Wolf Technologies, Inc. and Tricia Tamkin (together "Wolftec"), by and through its undersigned attorneys, states by way of complaint against defendants Morgan Consulting Group, Inc. and Peter Leffkowitz (together "MCG") as follows:

## THE PARTIES

1. Plaintiff Wolf Technologies, Inc. is a corporation organized and existing under the laws of the State of Illinois with a principal place of business located at 995 Countryside Lane, Carol Stream, Illinois, 60188.

2. Plaintiff Tricia Tamkin is an individual and resident of the State of Illinois and resides at 995 Countryside Lane, Carol Stream, Illinois, 60188.

3. Defendant Morgan Consulting Group, Inc is a corporation organized and existing under the laws of the State of Missouri with a principal place of business at 510 Main St, Platte City, Missouri 64079 where it can be served via its Registered Agent, Scott McRuer.

4. Defendant Peter Leffkowitz is an individual and resident of the State of Missouri who can be served with process at 8016 NW Hampton, Parkville, Missouri 64152.

## JURISDICTION AND VENUE

5. Wolf Technologies and Tamkin are domiciled and residents of the State of Illinois. Morgan Consulting Group and Leffkowitz are domiciled and residents of the State of Missouri. As such, diversity exists between the Plaintiffs and Defendants.

6. The amount in controversy in this matter exceeds $75,000.00 exclusive of interests and costs.

7. Accordingly, the United States District Court has jurisdiction over this matter based upon the diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Pursuant to 28 U.S.C. § 1391, venue is proper within the United States District Court for the Western District of Missouri because it is the judicial district within which a substantial part of the events giving rise to Plaintiffs' claims occurred.

## BACKGROUND

9. Tamkin and Leffkowitz are both in the business of training recruiters to find job candidates for temporary or temp-to-perm job placements

10. Tamkin specializes in training techniques that utilize advanced internet research to find passive candidates.

11. Leffkowitz specializes in training recruiters on cold calling techniques to find passive candidates.

12. Tamkin is the owner of Wolf Technologies.

13. Leffkowitz is the owner of Morgan Consulting Group.

14. On June 11, 2012, Tamkin and Leffkowitz, through their respective companies (Wolftec and MCG) entered into a joint venture agreement under which they jointly developed and marketed a training program to teach recruiters how to utilize advanced internet research to find passive candidates.

15. The joint venture program was known as eSSentials and was marketed under MCG.

16. Wolftec owned 70% of eSSentials.

17. MCG owned 30% of eSSentials.

18. In early to mid-2015, Wolftec and MCG had a falling out and started discussing the possibility of separating their business interest.

19. On June 5, 2015, Wolftec and MCG entered into an Asset Purchase Agreement whereby Wolftec purchased MCG's 30% interest in the assets of the joint venture (the eSSentials program) for $48,000 plus other considerations noted therein. A true and correct copy of the Asset Purchase Agreement is attached hereto as Exhibit A.

20. Paragraph 1(a) of the Asset Purchase Agreement provides:

Purchase and Sale of the Business. Buyers agree to purchase from the Sellers, and the Sellers agree to sell, transfer, convey, and deliver to the Buyers, all of Sellers' right, title and interest in the Business and the assets of the Business including, but not limited to, eSSentials, intellectual property rights, copyrights, workbooks, financial records, the Thibeault contract/non-compete agreement, WizMotions Video, and e-mails sent on behalf of eSSentials.

21. Paragraph 1(b) of the Asset Purchase Agreement provides:

Buyers Payment of Purchase Price. Buyer agrees to pay Sellers $48,000.00 ("Purchase Price") to be paid as follows: $9,600.00 paid by Buyers at Closing. The remaining Purchase Price will be paid in 24 equal monthly installments of $ 1,600.00 due on or before the 29th day of each month beginning June 29, 2015 and ending May 29, 2017 ("Installment Payments").

22. Wolftec has made each and every payment required under the Asset Purchase Agreement.

23. Paragraph 1(b) of the Asset Purchase Agreement provides

Non-Use of eSSentials Materials. Sellers recognize they have no right to use any eSSentials materials that were developed prior to the date of Closing, or any derivatives thereof, in any capacity. The term "eSSentials materials" is defined as any and all documents or materials designed or used as part of the eSSentials program or any training related thereto including, but not limited to, Class Content and the eSSistant product.

24. The closing of the transaction contemplated by the Asset Purchase Agreement was on June 5, 2015 (the "Closing"). See Exhibit A, para. 1(o).

25. The transfer of ownership of the eSSentials assets was made retroactive to May 6, 2015. See Exhibit A, para. 1(g)

26. Since the Closing, MCG and Leffkowitz have intentionally, continuously and systematically used and utilized the eSSentials materials and derivations thereof in training and seminars offered by MCG in Missouri, online and elsewhere in violation of their obligations under the Asset Purchase Agreement.

27. Paragraph 1(b) of the Asset Purchase Agreement provides:

{11096/0001: 00318531.DOCX.2}    4

Case 5:16-cv-06110-FJG   Document 2   Filed 08/25/16   Page 4 of 8

<u>Remedy for Breach/Liquidated Damages</u>. Should Sellers breach their obligations under this subparagraph and use eSSentials materials or derivations thereof in any future training, Buyers' will be entitled to liquidated damages in an amount equal to the gross revenue received from all sources for the training in which the materials were used. Further, should Buyers be successful in enforcing Sellers' specific performance hereunder (whether or not the matter is litigated), Sellers shall be responsible to pay Buyers' reasonable attorney's fees and costs (including costs and fees of any expert witness) related to Buyers enforcement of its rights.

## COUNT I
## Breach of Contract

28. Plaintiffs hereby incorporate paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. On June 5, 2015, Wolftec and Tamkin entered into and Asset Purchase Agreement with MCG and Leffkowitz. See Exhibit A.

30. Pursuant to the Asset Purchase Agreement, Wolftec and Tamkin purchased the eSSentials assets and materials.

31. Pursuant to the Asset Purchase Agreement, MCG and Leffkowitz were prohibited from using or utilizing the eSSentials materials or derivations thereof in any training or seminars of MCG.

32. MCG and Leffkowitz have breached their obligations under the Asset Purchase Agreement by using or utilizing the eSSentials materials or derivations thereof in training or seminars of MCG.

33. As a result of MCG and Leffkowitz's aforementioned breaches of their obligations under the Asset Purchase Agreement, Wolftec and Tamkin have suffered damages.

34. The Asset Purchase Agreement provides that Wolftec and Tamkin are entitled to liquidated damages should MCG and/or Leffkowitz breach their obligations under the agreement by using eSSentials materials or derivations thereof in training or seminars of MCG.

{11096/0001: 00318531.DOCX.2}    5

Case 5:16-cv-06110-FJG   Document 2   Filed 08/25/16   Page 5 of 8

35. As a result of MCG and Leffkowitz's aforementioned breaches, Wolftec and Tamkin have had to retain the undersigned law firm and have incurred legal fees and costs in an effort to stop MCG and Leffkowitz's continued breaches of their contractual obligations and to recover monies justly due and owing by MCG and Leffkowitz to Wolftec and Tamkin under the Asset Purchase Agreement.

WHEREFORE, plaintiffs Wolf Technologies, Inc. and Tricia Tamkin pray for judgment against defendants Morgan Consulting Group, Inc. and Peter Leffkowitz in an amount to be determined at trial but in no event less than $75,000.00, plus pre-judgment and post-judgment interests, costs, and attorney's fees, and such other relief as this Court deems just and proper under the circumstances.

## COUNT II
### Fraudulent Inducement

36. Plaintiffs hereby incorporate paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. As an inducement to get Wolftec and Tamkin to enter into the Asset Purchase Agreement, MCG and Leffkowitz repeatedly assured them that MCG and Leffkowitz would not utilize the eSSentials materials or any derivatives thereof after the Closing.

38. MCG and Leffkowitz knew or had reason to believe that the representations described in paragraphs 37 were false.

39. MCG and Leffkowitz's misrepresentations were made with the intent to induce Wolftec and Tamkin to enter into the Asset Purchase Agreement.

40. Wolftec and Tamkin justifiably relied on MCG and Leffkowitz's misrepresentations.

41. MCG and Leffkowitz's misrepresentations were substantial or material to Wolftec and Tamkin's decision to enter into the Asset Purchase Agreement.

42. MCG and Leffkowitz's misrepresentations were substantial and material in that they went to the essence of the Asset Purchase Agreement.

43. MCG and Leffkowitz's misrepresentations defeat the purpose of the Asset Purchase Agreement.

44. As a direct and proximate result of MCG and Leffkowitz's fraudulent inducement and misrepresentations, Wolftec and Tamkin have been damaged in the amount of greater than $75,000, plus interest thereon, plus attorneys' fees. MCG and Leffkowitz's fraudulent inducement has prevented, and continues to prevent, Wolftec and Tamkin from full use and enjoyment of the eSSentials materials. Additionally, Wolftec and Tamkin have been forced to retain the undersigned law firm, and to incur legal fees and costs in an attempt to enforce her rights under the Asset Purchase Agreement.

WHEREFORE, plaintiffs Wolf Technologies, Inc. and Tricia Tamkin pray for judgment against defendants Morgan Consulting Group, Inc. and Peter Leffkowitz in an amount to be determined at trial but in no event less than $75,000.00, plus pre-judgment and post-judgment interests, costs, and attorney's fees, for punitive damages, and such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

_/s/ James D. Myers_

| James D. Myers | # 46374 |
|---|---|
| Kathleen Kopach Woods | # 34413 |
| Michael F. Barzee | # 65764 |

SHAFFER LOMBARDO SHURIN PC
2001 Wyandotte
Kansas City, Missouri 64108
(816) 931-0500 – Telephone
(816) 931-5775 – Facsimile
jmyers@sls-law.com
kwoods@sls-law.com
mbarzee@sls-law.com

ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: August 25, 2016

Respectfully submitted,

_/s/ James D. Myers_

| James D. Myers | # 46374 |
|---|---|
| Kathleen Kopach Woods | # 34413 |
| Michael F. Barzee | # 65764 |

SHAFFER LOMBARDO SHURIN PC
2001 Wyandotte
Kansas City, Missouri 64108
(816) 931-0500 – Telephone
(816) 931-5775 – Facsimile
jmyers@sls-law.com
kwoods@sls-law.com
mbarzee@sls-law.com

ATTORNEYS FOR PLAINTIFFS

{11096/0001: 00318531.DOCX.2}    8

Case 5:16-cv-06110-FJG   Document 2   Filed 08/25/16   Page 8 of 8