IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WOLF TECHNOLOGIES, INC., an Illinois corporation, and TRICIA TAMKIN, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Civil Action No. 5:16-cv-06110-FJG ) |
| MORGAN CONSULTING GROUP, INC., A Missouri corporation, | ) ) ) ) |
| and | ) ) |
| PETER LEFFKOWITZ, | ) ) |
| Defendants. | ) |

**NON-PARTY JAMES D. MYERS' MOTION TO QUASH
SUBPOENA TO TESTIFY AT A DEPOSITION AND SUGGESTIONS IN SUPPORT**

Pursuant to Fed. R. Civ. P. 45(c), non-party James D. Myers respectfully requests that this Court enter an order quashing the Subpoena to Testify at a Deposition in a Civil Action [Exhibit A, attached hereto; Notice of Subpoena, Doc. 43] because (a) the parol evidence rule provides that any testimony by Myers regarding the terms of the APA is irrelevant absent a finding by the Court that the APA is ambiguous, (b) Myers' testimony necessarily includes information protected by the attorney-client privilege and there are others defendants can depose to obtain the same or similar information, and (c) the real purpose for this subpoena is an attempt to disqualify Myers from acting as lead trial counsel for plaintiffs. In support of this motion, Myers sets forth the following suggestions:

**SUGGESTIONS IN SUPPORT**

**I.     INTRODUCTION**

This civil action is between two former joint venture partners, and their respective companies. On June 11, 2012, plaintiff Tricia Tamkin and defendant Peter Leffkowitz, through their respective companies, plaintiff Wolf Technologies, Inc. ("Wolftec") and defendant Morgan Consulting Group, Inc. ("MCG"), entered into a joint venture agreement. [Doc. 2, ¶ 14.] Pursuant to the joint venture, plaintiff Wolftec developed a training program to teach employment recruiters how to utilize advanced internet research to find passive candidates. [Doc. 2, ¶ 14.] This joint venture program was known as eSSentials. The eSSentials program was jointly marketed by plaintiff Wolftec and defendant MCG to defendant MCG clients and prospective clients. [Doc. 2, ¶ 15.] The vast majority of the eSSentials program consisted of Boolean, search strings and operators adapted and refined to benefit employment recruiters. [Doc. 20, Ex. A thereto, Declaration of Tricia Tamkin, ¶ 3.] Plaintiff Wolftec owned 70% of the eSSentials program and defendant MCG owned the other 30%. [Doc. 2, ¶¶ 16-17.]

In July of 2014, defendant MCG ceased all meaningful contact with Wolftec about the joint venture. In December of that same year, plaintiff Wolftec initiated the deadlock provisions of the parties' joint venture agreement. Thereafter, the parties started discussions about separating their business interest. [Doc. 2, ¶ 18.]

On June 5, 2015, the parties entered into an Asset Purchase Agreement ("APA") whereby plaintiff Wolftec purchased defendant MCG's 30% interest in the assets of the eSSentials program. [Doc. 2, ¶ 19.] Myers represented plaintiffs, and local attorney David White represented defendants, during the negotiation of the APA. Pursuant to the terms of the APA, defendant MCG agreed not to use any materials that had been developed or used as part of the

joint venture. These materials consisted of (a) "any and all documents or materials designed or used as part of the eSSentials program or any training related thereto, including, but not limited to, Class Content and the eSSistant product," and (b) any derivatives thereof. [Doc. 2, ¶ 23.]

On August 25, 2016, plaintiffs filed suit against defendants alleging, in part, that defendants breached the terms of the APA. Myers and his firm, Shaffer Lombardo Shurin, were retained to represent plaintiffs in this action, with Myers serving as lead counsel. On August 30, 2017, defendants sent Myers a subpoena *duces tecum* calling for the production of non-privilege documents relating to the APA and the parties' negotiations related thereto. All of the written communications between attorneys Myers and White have been produced in this case. Not satisfied with the document subpoena, on September 26, 2017, defendants served Myers Subpoena to Testify at a Deposition in a Civil Action [Exhibit A, attached hereto; Notice of Subpoena, Doc. 43] via e-mail. This motion to quash followed.

## II. LEGAL STANDARD

On timely motion, a district court shall quash or modify a subpoena if the subpoena fails to allow reasonable time for compliance, requires a witness who is not a party to travel more than 100 miles, requires disclosure of privileged or protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii). A subpoena must also seek relevant information. *Roberts v. Albright-Roberts Chevrolet, Inc.*, 352 F.3d 358, 360-62 (8th Cir. 2003); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . .").

Furthermore, as Myers is lead counsel for plaintiffs, defendants must show "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the

case." *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729 (8th Cir. 2002). This difficult burden protects against the "harassing practice of deposing opposing counsel" which often "does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986).

## III. LEGAL ANALYSIS

### A. Any testimony by Myers regarding the terms of the APA is irrelevant absent a finding by this Court that the APA is ambiguous

"The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973). Where the parties have expressed their final and complete agreement in writing and there is no ambiguity in the contract, the intent of the parties must be determined <u>solely</u> from the four corners of the contract itself. *Mid Rivers Mall, L.L.C. v. McManmon*, 37 S.W.3d 253, 255 (Mo. App. 2000). An ambiguity arises, when, from the four corners of the contract alone, it appears that "the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms." *Chehval v. St. John's Mercy Medical Center*, 958 S.W.2d 36, 38 (Mo. App. 1997). A mere disagreement by the parties as to the proper interpretation to be given the contract does not render it ambiguous. *Carondelet Health Sys., Inc. v. Royal Gardens Assocs.*, 943 S.W.2d 669, 673 (Mo. App. 1997). The issue of whether a contract is ambiguous is a question of law. *Board of Education v. State*, 134 S.W.3d 689, 695 (Mo. App. 2004).

Here, the parties, both of whom were represented by counsel with years of experience handling contract negotiations of this type, expressed their final and complete agreement in a

fully-negotiated writing as constituted in the APA. It is only after plaintiffs filed suit claiming, in part, breach of the APA does defendants claim the terms of the APA are ambiguous. Indeed, the apparent reason defendants seek to depose lead counsel Myers is to obtain information and his mental impressions relating to the negotiations of the APA.[1] Clearly, such testimony is irrelevant, absent this Court's finding that the APA is ambiguous, because it goes to the parties' intent and negotiations, which are incorporated and included in the final executed APA. To date, this Court has not found the APA to be ambiguous. Until such finding, any testimony by Myers would be irrelevant. Further, any attempt to depose Myers is harassing, demeaning to the profession and an abuse of the discovery process. *Shelton*, 805 F.2d at 1330.

Therefore, defendants' subpoena to testify served upon Myers should be quashed.

Moreover, even if this Court were to make such a finding, Myers is not the only person defendants can depose to obtain information regarding negotiations of the APA. In fact, a corporate representative of plaintiff Wolftec, plaintiff Tamkin and defendant Leffkowitz are all scheduled to give depositions in December at which each will discuss the APA and the events leading up to its execution.[2] These individuals are best suited to testify to their intent and meaning of the APA should this Court determine the APA is ambiguous.

**B. It is inevitable that at least some of the information sought from Myers is privileged as it relates to negotiation communications between Myers and Plaintiffs.**

The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore. Evidence § 2290 (McNaughton rev.

[1] It is not entirely clear what topics or purpose for which Defendants seek to depose Myers as the subpoena provides no deposition topics.

[2] See e.g. defendants Notice of Deposition pursuant to Rule 30(b)(6) [Doc. 48], specifically Schedule A describing those very deposition topics at Topics 6-19 and 34, as well as Topic 24 seeking testimony from the corporate representative regarding the "preparation and negotiations of the APA."

1961). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389-90 (1981). "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Id.* The privilege also extends when the client in question is a corporation. *See United States v. Louisville & Nashville R. Co.*, 236 U.S. 318, 336 (1915); *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343 (1985).

In this case, it is inevitable that any deposition of Myers would relate specifically to communication between Myers and his clients, plaintiffs and the negotiations and terms of the APA. These communications are protected by the attorney-client privilege. *Upjohn Co.*, 449 U.S. at 389-90. And Myers previously produced all non-privileged communications relating to the negotiations and terms of the APA. Therefore, as any deposition of Myers would relate to privileged material or communications, defendants' subpoena should be quashed.

**C.     Defendants' intention from the beginning of this litigation has been to disqualify Myers and this subpoena furthers that intention**

In a November 29, 2016, letter to Myers from defendants' counsel, defendants' counsel claims that Myers should be disqualified from representing Plaintiffs in litigation over a contract that defendants claimed Myers chiefly negotiated. [Exhibit B, relevant portions of November 29, 2016, pp. 2-3.] Since that letter, defendants' counsel continues to claim to Myers that he should be disqualified from representing plaintiffs. Serving two subpoenas on Myers (one for production of documents and one to testify) is just a back-door attempt to disqualify Myers as lead trial counsel. Even though nearly eleven months have passed since the November 2016

letter, defendants have not set forth any case law supporting their position that Myers should be disqualified nor have they sought an order from this Court.

Rule 4-3.7(a) of Missouri's Code of Professional Conduct provides: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

Under this Rule, Myers can only be disqualified if he is determined to be a "necessary witness." This requirement has been interpreted to not apply to pre-trial stages, meaning that Myers can still represent plaintiffs through the pre-trial and discovery stages. *Droste v. Julien*, 477 F.3d 1035, 1036 (8th Cir. 2007); *see also* ABA Informal Opinion 89-159. The Eighth Circuit has interpreted Rule 4-3.7 to mean that an attorney is a "necessary witness" only if "there are things to which he will be the only one available to testify." *Macheca Transport Co. v. Philadelphia Indemnity Co.*, 463 F.3d 827, 833 (2006). This court further noted that:

> Mere relevance and usefulness of an attorney's testimony is an insufficient basis upon which to discern whether the attorney will truly be a necessary witness. To disqualify an attorney of choice by considering only the relevance of the attorney's testimony and failing to consider whether the attorney is the only witness available to testify to certain things, would constitute an abuse of discretion. *Id.*

As previously stated, the parties and their corporate representatives can testify to the negotiations and terms of the APA should this Court determine that the APA is ambiguous. As a result, Myers is not, and cannot, be deemed a necessary witness. Therefore, Myers cannot be disqualified to represent plaintiffs in this case.

## IV. CONCLUSION

As Myers is lead trial counsel for plaintiffs, defendants must show "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case." *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729 (8th Cir. 2002). Defendants have failed to make such a showing. Therefore, Myers respectfully requests that this Court enter an order quashing the Subpoena to Testify at a Deposition in a Civil Action [Exhibit A, attached hereto; Notice of Subpoena, Doc. 43].

Respectfully submitted,

/s/ James D. Myers
James D. Myers        # 46374
Kathleen Kopach Woods  # 34413
Michael F. Barzee      # 65764
SHAFFER LOMBARDO SHURIN PC
2001 Wyandotte Street
Kansas City, Missouri 64108
(816) 931-0500 – Telephone
(816) 931-5775 – Facsimile
jmyers@sls-law.com
kwoods@sls-law.com
mbarzee@sls-law.com
**ATTORNEYS FOR NON-PARTY JAMES D. MYERS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October 2017, the foregoing was filed using the CM/ECF system, which sent notification of such filing to the following CM/ECF participants:

Cheryl Lynn Burbach
Dianne M. Smith-Misemer
C. Blair Barbieri
Matthew B. Walters
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
ATTORNEYS FOR DEFENDANTS

               */s/ James D. Myers*
               Attorney for Plaintiffs