IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

WOLF TECHNOLOGIES, INC., )
and TRICIA TAMKIN )
 )
    Plaintiff, )
 )  Case No. 5:16-cv-06110-FJG
v. )
 )
MORGAN CONSULTING GROUP, INC.,)
and PETER LEFFKOWITZ )
 )
    Defendants. )

## ORDER

Pending before the Court are: (1) Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. No. 33); (2) Defendants' Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaim (Doc. No. 40); (3) Non-Party James D. Myers' Motion to Quash Subpoena to Testify at a Deposition and Suggestions in Support (Doc. No. 49); (4) Defendants' Motion to Disqualify James D. Myers at Trial (Doc. No. 55); (5) the parties' Joint Motion for Extension of Time to Complete Discovery (Doc. No. 62); and (6) Plaintiffs' Motion to Leave to File Sur-Reply brief to Defendants' Reply Suggestions in Support of their Motion to Disqualify James D. Myers at Trial (Doc. No. 69). As an initial matter, the Court will **GRANT** the motion for leave to file sur-reply (Doc. No. 69), and the Court will consider the proposed sur-reply as properly filed.

With respect to the motions for leave to file amended pleadings (Doc. Nos. 33 and 40), both were filed well after the deadlines established in the Court's Scheduling Order. The Court established March 31, 2017, as the deadline for motions to join parties and motions to amend pleadings. See Doc. No. 18. Plaintiffs filed their motion

for leave to file an amended complaint on August 4, 2017 (Doc. No. 33); defendants filed their motion for leave to file an amended answer, affirmative defenses, and counterclaim on September 21, 2017 (Doc. No. 40). When a party seeks to amend its pleadings outside the deadlines established by the scheduling order, Rule 16(b)'s good cause standard governs. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). In this case, the Court finds that neither party has shown good cause at this time for the amendments sought. Therefore, both motions (Doc. Nos. 33 and 40) are **DENIED WITHOUT PREJUDICE.**

With respect to the related motions regarding attorney James D. Myers (Doc. Nos. 49 and 55), the Court finds that consideration of Mr. Myers' status as trial counsel to be premature. In particular, the Court believes that until it has made a ruling as to whether the language in the APA is ambiguous, it cannot make a determination as to whether Mr. Myers is a necessary witness in this action. Accordingly, the Court finds that any decision on this matter should be **DEFERRED** until it has made a decision on the presumably forthcoming motions for summary judgment examining the language in the APA. If the Court determines in its ruling on summary judgment motions that the contractual language is ambiguous and the testimony of Mr. Myers is necessary to contract interpretation, the Court will allow the deposition testimony requested by defendants and will reconsider Mr. Myers' status as trial counsel. Accordingly, the motion to quash deposition (Doc. No. 49) is **GRANTED**, subject to reconsideration at a later time. The motion to disqualify Mr. Myers as trial counsel (Doc. No. 55) is **DENIED AS PREMATURE.**

Finally, the parties request that the Court stay all deadlines in its scheduling order until it has ruled the pending motions. The request to stay deadlines (Doc. No. 62) is **DENIED**; however, the Court will enter a revised scheduling order which will grant the parties a short extension of the deadlines established in the current scheduling order.

**IT IS SO ORDERED**.

Date: December 27, 2017  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge