IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WOLF TECHNOLOGIES, INC. and TRICIA TAMKIN, ) ) ) | |
| Plaintiffs, ) ) | Case No.: 5:16-CV-06110-FJG |
| vs. ) ) | |
| MORGAN CONSULTING GROUP, INC. and PETER LEFFKOWITZ, ) ) ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION IN LIMINE AND SUGGESTIONS IN SUPPORT REGARDING ADMISSION OF EVIDENCE RELATED TO NEGOTIATIONS OF THE ASSET PURCHASE AGREEMENT

Morgan Consulting Group, Inc. and Peter Leffkowitz ("Defendants") hereby respectfully request the Court's permission to admit several emails and letter communications between the parties' counsel, as well as Defendants' former legal counsel's non-cumulative and corroborating witness testimony intended to be taken at trial.

Defendants' Exhibit List identifies several documents related to the negotiation of and the terms and conditions agreed upon in the Asset Purchase Agreement. In particular, Exhibit Numbers 446, 447, 448, 449, 450, 451, 452, 454, 455, 456, 457, 472, 473, 474, 475, and 476 are identified as emails and letter correspondence between Defendants' former legal counsel and Plaintiffs' current and prior legal counsel, all of whom represented the parties at all relevant times during the alleged fraudulent inducement. Based on Plaintiffs' prior insistence at every turn that these documents (and likely the testimony of David White) are inadmissible parol evidence, Defendants anticipate a similar approach moving forward at trial.

But Plaintiffs ignore the myriad legal theories at issue in this case that revolve around shared facts related to the negotiation and agreed-upon provisions of the Asset Purchase

1

Agreement. For instance, the underlying facts that make up Defendants' affirmative defenses of waiver and estoppel include: (i) Plaintiffs' waiver of their proposed non-compete agreement; (ii) which resulted in the drafting and molding of the non-use and liquidated damages provision; and then (iii) was only agreed to after certain terms were excluded from Defendants' carved-out restrictions of free competition (i.e., search strings and search techniques).

And Plaintiffs' second cause of action in this lawsuit accuses Defendants of fraudulently inducing Plaintiffs into entering the Asset Purchase Agreement, the contract at the center of Plaintiffs' first cause of action. Although defendants in fraud cases often attempt to assert that the parol evidence bars introduction of evidence of statements or representations made outside of the written contract, that rule does not apply to fraudulent inducement causes of action. *See Lollar v. A.O. Smith Harvestore Prod., Inc.*, 795 S.W.2d 441, 448 (Mo. App. W.D. 1990). Indeed, evidence beyond the four corners of the agreement is often used to establish a defense against fraudulent inducement because "the fraud is not merged into the written contract." *Id.*

There is no doubt that evidence related to the negotiation of and the terms and conditions agreed upon in the Asset Purchase Agreement is relevant. According to the broad principle codified in Federal Rules of Evidence 401 and 402, typically evidence is admissible as relevant if it has any tendency to make a consequential fact more or less probable. *See* Fed. R. Evid. 401, 402. The court, however, "*may* exclude relevant evidence if its probative value is *substantially outweighed* by…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, there is zero risk that the apparent relevance of Defendants' exhibits will be substantially outweighed by any of the aforementioned dangers.

2

Plaintiffs' fraudulent inducement claim is based on the allegation that Defendants "repeatedly assured" Plaintiffs they "would not utilize the eSSentials materials or any derivatives thereof after the closing." [Doc. 2, para. 37]. Throughout the discovery process, and as gleaned from Plaintiffs' pleadings and motions, Plaintiffs interpreted Defendants' alleged repeated assurances as a representation that they would not teach Boolean search strings or other search techniques in their recruiter training sessions. But Defendants contend the evidence referenced in the above-enumerated Exhibits demonstrates the exact opposite—that counsel for Defendants told Plaintiffs' counsel repeatedly that Defendants would not accept a provision prohibiting them from using search strings.

The evidence further shows counsel for Plaintiffs' acceptance of particular exclusions from the hotly-contested definition of "eSSentials materials." These negotiated modifications aided in the parties' agreement to (i) waive the non-compete provision; and (ii) accept the unilateral liquidated damages provision solely favoring Plaintiffs, both of which are fundamental to Defendants' defenses.

Consequently, the evidence Defendants seek to offer and the testimony Defendants seek to obtain at trial are extremely relevant, and of the utmost importance to Defendants' defense against Plaintiffs' claim of fraudulent inducement and affirmative defenses; theories wherein the parol evidence rule is flat-out inapplicable.[1]

---

[1] Defendants' reliance on this evidence also extends to their defense against Plaintiffs' claims regarding breach of contract. But Defendants recognize that the admission of parol evidence for purposes of contract interpretation is a question of law before it becomes a question of evidentiary admissibility. As such, Defendants reserve their rights to address the admissibility of such evidence for those purposes in the proper context.

Defendants, therefore, respectfully request the Court allow Defendants' offering of Exhibit Numbers 446, 447, 448, 449, 450, 451, 452, 454, 455, 456, 457, 472, 473, 474, 475, and 476 at trial and further allow Defendants' witness testimony of David White at trial.

Respectfully submitted,

Dated: July 10, 2018

s/ *Cheryl L. Burbach*
Cheryl L. Burbach (Mo. Bar 48605)
Dianne M. Smith-Misemer (Mo. Bar 51487)
C. Blair Barbieri (Mo. Bar 67941)
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
Tel.    913-647-9050
Fax    913-647-9057
cburbach@hoveywilliams.com
dsmisemer@hoveywilliams.com
bbarbieri@hoveywilliams.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2018, the foregoing was filed using the CM/ECF system, which sent notification of such filing to the following CM/ECF participants:

James D. Myers
Kathleen Kopach Woods
Michael F. Barzee
SHAFFER LOMBARDO SHURIN PC
2001 Wyandotte
Kansas City, Missouri 64108
ATTORNEYS FOR PLAINTIFFS

s/ *Cheryl L. Burbach*