IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WOLF TECHNOLOGIES, INC. and TRICIA TAMKIN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| MORGAN CONSULTING GROUP, INC. and PETER LEFFKOWITZ, | ) ) ) ) |
| Defendants. | ) |

Case No.: 5:16-CV-06110-FJG

## DEFENDANTS' MOTION IN LIMINE AND SUGGESTIONS IN SUPPORT REGARDING NON-DESIGNATED DEPOSITION TESTIMONY

Morgan Consulting Group, Inc. and Peter Leffkowitz ("Defendants") respectfully request the Court prohibit Wolf Technologies, Inc. and Tricia Tamkin ("Plaintiffs") from using, admitting, or referencing at trial (including *voir dire*, opening statements, or otherwise) certain deposition testimony not properly designated per the Court's Trial Order (Doc. No. 135) and inadmissible per the Federal Rules.

Four depositions were taken in this matter: (i) Plaintiff Tricia Tamkin, (ii) Defendant Peter Leffkowitz, (iii) Cindy Leffkowitz, and (iv) Nicole Rivera. As part of their Exhibit List, Plaintiffs designated the depositions of Cindy Leffkowitz, Peter Leffkowitz, and Nicole Rivera, in their entireties, respectively as Exhibit Nos. 227, 228, and 229. [Doc. 156]. On the other hand, per the Court's Trial Order, Plaintiffs provided designations of deposition testimony only from the transcripts of Cindy Leffkowitz and Nicole Rivera. [Doc. 155].

The Court has "broad discretion" in the use of depositions at trial. *See* Fed. R. Civ. P. 32; *Lear v. Equitable Life Assurance Soc'y of U.S.*, 798 F. 2d 1128, 1135 (8th Cir. 1986). Under Rule 32, however, the use of a deposition as substantive evidence at trial depends on whether the deponent is a party or non-party witness. *See* Fed. R. Civ. P. 32(a)(3)-(4). While the deposition

1

of a party may be used for any purpose at the discretion of the court, that of a non-party witness may only be used if the witness is unavailable. *Id.*

In its Trial Order, this Court specifically ordered the parties to "file any <u>designation</u> by page and line number, of any deposition testimony to be offered in evidence as a part of that party's <u>case-in-chief</u> in connection with such claim or claims." [Doc. 135, p. 3, subparagraph (4)(a)]. Plaintiffs did so by filing Plaintiffs' Deposition Designations on May 22, 2018, which listed excerpts from Cindy Leffkowitz's deposition and Nicole Rivera's deposition. [Doc. 155]. Notably, Plaintiffs chose not to identify any excerpts from Defendant Peter Leffkowitz's deposition transcript.

The Court's Trial Order further instructed the parties to file cross-designations, "of any deposition testimony to be offered as cross-examination to *deposition testimony designated by the other parties*." [Doc. 135, p. 3, subparagraph (4)(c)(emphasis added)]. Because Defendants designated testimony solely from Plaintiff Tricia Tamkin's deposition, Plaintiffs were restricted from offering into evidence designations beyond those that Plaintiffs may use from Tamkin's deposition transcript *as cross-examination to Defendants' designations*. Again, per the Court's Trial Order, this precluded Plaintiffs from offering into evidence deposition testimony from Defendant Peter Leffkowitz's deposition transcript.

First, to attempt to offer into evidence the full transcript of any deposition taken in this matter renders the Court's Trial Order superfluous, regardless of whether the witness is a party or non-party. Second, with respect to Cindy Leffkowitz and Nicole Rivera, because they will be available at trial to testify, and indeed are listed on Plaintiffs' Witness List (Doc. 151), Plaintiffs should be precluded from offering into evidence or using the entirety of their deposition transcripts

2

at trial. Rather, Plaintiffs should only be permitted to offer those pre-designated portions into evidence for substantive purposes.

Additionally, Plaintiffs' should be precluded from any substantive use of Defendant Peter Leffkowitz's deposition transcript—first and foremost because they failed to designate any excerpts from his deposition as required by the Court's Trial Order. But also because, as Judge Learned Hand proclaimed, the deposition is "second best, not to be used when the original is at hand." *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 989 (8th Cir. 1999) (internal quotations omitted). When the party is available at trial, "it is always better if the jury can observe the witness firsthand to judge his or her demeanor." *Id.* Given the strong preference for live testimony, and Plaintiffs' failure to designate any excerpts from Defendant Peter Leffkowitz's deposition, this Court should prohibit Plaintiffs from using any portion of Peter Leffkowitz's deposition transcript for substantive purposes.

And finally, with respect to Plaintiffs' use of Plaintiff Tricia Tamkin's deposition testimony, Defendants have set forth their objections to Plaintiffs' counter-designations as ordered by the Court. [Doc. 135, p. 3, subparagraph (4)(d)]. But Defendants nonetheless seek an order from the Court prohibiting Plaintiffs' use of their self-proclaimed "Counter-Designations" set forth in Plaintiffs' Objections and Counter Designations.[1] [Doc. 162, p. 9, subparagraph B]. Without any indication to which deposition testimony Plaintiffs' "Counter-Designations" pertain, Plaintiffs clearly attempted to circumvent the Court's Order and the Federal Rules to sneak in their own party's deposition testimony at trial. Rule 32(a)(3) prohibits such use by limiting use of

---

[1] Defendants do not request the extension of this order fully prohibit Plaintiffs' "Alternative Designations," as Defendants have fully briefed their objections to these "Alternative Designations and will wait to hear on the Court's ruling of such objections. [Doc. 162, p. 9 subparagraph C; Doc. 166, pp. 1-2, subparagraphs 1-3].

3

depositions for any purpose to depositions *only of opposing parties*, and therefore Plaintiffs should be prohibited from using Tamkin's deposition testimony outside of the cross-designations contemplated in the Court's Trial Order. *See* Fed. R. Civ. P. 32(a)(3).

Accordingly, Defendants respectfully request that the Court preclude Plaintiffs from using, admitting, or referencing, at any time during trial (including *voir dire*, opening statements, case-in-chief, or otherwise), directly or indirectly, for substantive purposes, the following:

  i. Any deposition testimony from Defendant Peter Leffkowitz;

  ii. Deposition testimony of Cindy Leffkowitz and Nicole Rivera that was not specifically identified in Plaintiffs' deposition designations (Doc. 155) or Plaintiffs' objections to Defendants' cross-designations (Doc. 164); and

  iii. Any deposition testimony of Plaintiff Tricia Tamkin, except, should the Court overrule Defendants' respective objections, Plaintiffs' "Alternative Designations" provided for in Plaintiffs' objections to Defendants' designations (Doc. 162).

Respectfully submitted,

Dated: July 10, 2018

s/ *Cheryl L. Burbach*
Cheryl L. Burbach (Mo. Bar 48605)
Dianne M. Smith-Misemer (Mo. Bar 51487)
C. Blair Barbieri (Mo. Bar 67941)
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
Tel.   913-647-9050
Fax    913-647-9057
cburbach@hoveywilliams.com
dsmisemer@hoveywilliams.com
bbarbieri@hoveywilliams.com
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July, 2018, the foregoing was filed using the CM/ECF system, which sent notification of such filing to the following CM/ECF participants:

James D. Myers
Kathleen Kopach Woods
Michael F. Barzee
SHAFFER LOMBARDO SHURIN PC
2001 Wyandotte
Kansas City, Missouri 64108
ATTORNEYS FOR PLAINTIFFS

                                                                                  s/ *Cheryl L. Burbach*